# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-cv-00258-MR

MARSHALL WAYNE LANCASTER,   )
                                      )
             **Plaintiff,**        )
                                      )
**vs.**                              )        <u>ORDER</u>
                                      )
                                      )
FNU HINES, et al.,            )
                                      )
            **Defendants.**     )
_____ )

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, <u>see</u> 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's motion for appointment of counsel, [Doc. 3]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I.   BACKGROUND

Pro se Plaintiff Marshall Wayne Lancaster ("Plaintiff") is currently detained at the Gaston County Jail in Gastonia, North Carolina. He filed this action on June 9, 2022, pursuant to 42 U.S.C. § 1983, against Defendants FNU Hines, FNU Costner, and FNU McNab,[1] all identified as employees of

---

[1] Plaintiff also mentions Officer Pfeifer in his Complaint when explaining how each Defendant acted under color of state law, but he does not name him as a Defendant. [Doc. 1 at 4; <u>see</u> <u>id.</u> at 15]. The Court addresses Plaintiff's potential claim against Defendant Pfeifer below.

the Gaston County Sheriff's Department, in their individual capacities only. [Doc. 1]. Plaintiff purports to assert claims of constitutional violations based on assault, excessive force, sexual assault, and "misuse of [his] legal mail" by Defendants at Gaston County Jail. [Id. at 3].

Plaintiff's claims appear to involve three distinct events occurring between January 11, 2022, and May 13, 2022. Plaintiff alleges as follows. On January 11, 2022, between 6:30 and 7:45 p.m., Defendant Costner came to Plaintiff's cell to move him, and Plaintiff was not packing his personal belongings quickly enough. Defendant Hines then entered Plaintiff's cell, handcuffed him, and led Plaintiff from his cell on the top level down the stairs. Plaintiff slipped on some juice that had been spilled. Defendant Hines "screamed at [Plaintiff] and jerked [Plaintiff's right arm] and shoulder telling [him] not to jerk away." [Id. at 12]. Plaintiff explained he was not jerking away and had slipped on juice that had been spilled on the stairs. [Id.]. "They" put Plaintiff in cell K and told Plaintiff to face the wall. Defendant Hines threatened to tase Plaintiff if he turned around while his handcuffs were being removed. The officers stepped out of the cell and threw Plaintiff's mattress and some of his personal property in the cell and shut the door. [Id.]. Plaintiff asked to see medical "for the rest of the night" and never saw anyone. [Id. at 13].

On or about March 24 and 25, 2022, "they" gave 88 pages of Plaintiff's discovery, presumably from another action to an inmate in cell E on the bottom level. That inmate "finally" returned the materials to an officer in the control center and the materials were returned to Plaintiff with four pages missing. [Doc. 1 at 15].

Finally, on May 13, 2022, at approximately 5:20 a.m., Defendant McNab directed Plaintiff to get up and step out of his cell, place his hands on the wall, and spread his legs. Defendant McNab patted Plaintiff down. When he reached Plaintiff's private area, he rubbed Plaintiff's scrotum in an "inappropriate sexual way." [Id. at 14]. Defendant McNab then shook down Plaintiff's cell, throwing his personal property on the floor. Defendant McNab then said, "consider this a warning." [Id.].

For injuries, Plaintiff alleges physical injuries and "bad nightmares." [Id. at 5]. For relief, Plaintiff seeks $300,000.00 in damages. [Id. at 5].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the

complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

Plaintiff here has asserted multiple unrelated claims against unrelated defendants in a single action. This is not allowed. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from avoiding the fee payment or three-strikes provisions in the Prison Litigation Reform Act). Typically, the Court would allow Plaintiff the opportunity to amend his complaint to choose the claim or related claims

4

he seeks to prosecute.  In this case, however, the Court will substantively review Plaintiff's claims because only one survives initial review in any event.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff does not allege what constitutional rights he believes were violated by the alleged conduct.  The Court, therefore, will address those fairly raised by the Complaint, which here include claims under the First and Fourteenth Amendments.

## A.    Fourteenth Amendment

### 1.    Excessive Force

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment."  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  "Pretrial detainees (unlike convicted prisoners) cannot be punished at all …."  Kingsley v. Hendrickson, 135 S.Ct. 2466, 2475 (2015).  To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable."  Id. at 2473.  The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one."  Id.  In determining whether

5

the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396). Nonetheless, the law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases).

Even taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has failed to state a Fourteenth Amendment claim against Defendant Hines or Defendant Costner. At best, Plaintiff alleges that Defendant Hines was escorting Plaintiff down some stairs and mistakenly believed Plaintiff was jerking away from him when Plaintiff slipped on spilled juice. This is not a constitutional violation, but rather a natural and normal reaction by Hines to a given stimulus with the unfortunate result of mild physical injury to Plaintiff. Moreover, Defendant Hines' verbal threat to tase Plaintiff if he turned around is not violative of the Constitution. The Court will dismiss this claim and these Defendants.

### 2. Sexual Touching

As with Plaintiff's excessive force claim, Plaintiff's claim against Defendant McNab arises under the Fourteenth Amendment. Impermissible punishment under the Fourteenth Amendment includes actions taken with an "expressed intent to punish" and those that are not "rationally related to a legitimate nonpunitive governmental purpose" or that "appear excessive in relation to that purpose." Kingsley, 135 S. Ct. at 2473 (quoting Bell v. Wolfish, 441 U.S. 520, 538 (1979)). Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's claim against Defendant McNab based on McNab's inappropriate sexual touching of Plaintiff is not clearly frivolous and survives initial review.

### B. Legal Mail

Plaintiff alleges that Officer Pfeifer, who Plaintiff failed to name as a Defendant, delivered Plaintiff's legal mail to the wrong inmate. [Doc. 1 at 5]. Plaintiff also alleges that "they gave 88 pages of [his] discovery to cell #F on bottom level" and that four pages were missing when those materials were returned to him. [Id. at 15]. It appears that these events are one and the same.

Prisoners generally have a First Amendment right to both send and receive mail. See Thornburgh v. Abbot, 490 U.S. 401, 408 (1989); Pell v.

<u>Procunier</u>, 417 U.S. 817 (1974). A single instance of interference with an inmate's mail, however, is typically insufficient to constitute a First Amendment violation. <u>Iwanicki v. Pa. Dep't of Corr.</u>, 582 Fed. App'x 75, 79 (3d Cir. 2014). Moreover, it appears that the alleged delay in Plaintiff receiving his legal mail was merely due to an honest mistake. Thus, Plaintiff has failed to state a claim based on interference with his mail.

To the extent Plaintiff purports to state a claim for denial of access to the Courts, he has also failed. Prisoners must have meaningful access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817 (1977). The "meaningful access" referred to in <u>Bounds</u> does not, however, entitle a plaintiff to total or unlimited access. <u>See</u> <u>Moore v. Gray</u>, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), <u>aff'd</u>, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. <u>See</u> <u>id.</u> at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. <u>See</u> <u>id.</u> A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been

frustrated' is fatal to his <u>Bounds</u> claim." <u>Alvarez v. Hill</u>, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting <u>Casey</u>, 518 U.S. at 353). Plaintiff here has not alleged any interference with his capability of bringing challenges to sentences or conditions of confinement or any actual injury. Plaintiff, therefore, has also failed to state a claim based on the denial of access to the courts.

The Court, therefore, will also dismiss Plaintiff's claim based on the delivery of Plaintiff's legal mail to the wrong inmate.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a document with his Complaint that states only: "If I get some help in this can they get all vidieo [*sic*] & body cam footage. And give me a lawyer." [Doc. 3]. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Plaintiff's motion to appoint counsel, therefore, will be denied.

## V. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's Fourteenth Amendment individual capacity claim against

Defendant McNab. Plaintiff's remaining claims and the remaining Defendants will be dismissed in accordance with the terms of this Order and Plaintiff's motion for appointment of counsel will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's Fourteenth Amendment claim against Defendant McNab, which passes initial review.

**IT IS FURTHER ORDERED** that Defendants Costner and Hines are hereby **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDER** that Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that Clerk is directed to mail one (1) blank summons form to Plaintiff for Plaintiff to fill out and identify Defendant McNab in the summons for service of process, and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendant McNab.

10

**IT IS SO ORDERED**.

Signed: August 19, 2022

Martin Reidinger
Chief United States District Judge