UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00258-MR

| | |
|---|---|
| MARSHALL WAYNE LANCASTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU MCNAB, )<br>)<br>Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Marshall Wayne Lancaster ("Plaintiff") is a prisoner of the state of North Carolina currently incarcerated at Avery/Mitchell Correctional Institution ("Avery/Mitchell CI") in Spruce Pine, North Carolina. Plaintiff filed this action on June 9, 2022, pursuant to 42 U.S.C. § 1983. [See Doc. 1]. On August 19, 2022, Plaintiff's Complaint survived initial review as to Plaintiff's Fourteenth Amendment claim against Defendant FNU McNab based on inappropriate sexual touching. [Doc. 8]. The remaining claims and Defendants were dismissed. [Id. at 10]. The Court ordered that Plaintiff was "required to provide the necessary information for the U.S. Marshal to

effectuate service." [Id.]. The Clerk mailed Plaintiff a copy of the initial review Order and a blank summons to fill out and identify Defendant McNab for service of process. [8/19/2022 (Court Only) Docket Entry]. On September 7, 2022, the blank summons, along with the Court's initial review Order, were returned to the Clerk as undeliverable. [Doc. 9]. On October 3, 2022, Plaintiff notified the Court that his address had changed to the Piedmont Correctional Institution in Salisbury, North Carolina. [See Doc. 10]. On October 5, 2022, the Clerk resent the Plaintiff a copy of the initial review Order and a blank summons at his new address. [10/5/2022 (Court Only) Docket Entry]. On October 27, 2022, Plaintiff notified the Court of his new address at Avery/Mitchell CI. [Doc. 11-1]. The second initial review Order and blank summons were never returned to the Clerk as undelivered. Plaintiff, however, has not returned a completed summons to the Clerk for service on Defendant McNab as ordered by the Court.

On September 18, 2023, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendant McNab within 14 days of the Court's Order. [Doc. 12]. Plaintiff has not responded to the Court's Order and the deadline to do so has expired.

2

Case 3:22-cv-00258-MR   Document 13   Filed 11/06/23   Page 2 of 4

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review of Plaintiff's Complaint in this case occurred on August 19, 2022. [Doc. 8]. Plaintiff, therefore, had until November 17, 2022, to serve Defendant McNab. As noted, the Court notified Plaintiff that it would dismiss this action without prejudice unless Plaintiff showed good cause for the failure to timely serve Defendants. [Doc. 12 at 3]. Because Plaintiff has failed to show good cause for his failure to serve Defendant McNab, the Court will dismiss this action without prejudice. See Fed. R. Civ. P. 4(m).

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

3

Case 3:22-cv-00258-MR   Document 13   Filed 11/06/23   Page 3 of 4

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge